[No. 3880.]

WRIGHT v. THE PLATTE VALLEY IRRIGATION CO.

1. WATER RIGHTS—CONTRACTS—PLEADING.

Under a contract whereby a ditch company sold to a landowner a one-half water right of a certain quantity to be used upon a certain described forty acres of land, and which stipulated that the water was to be used upon no other land than that described and that the purchaser should permit no part of the water to run to waste and should take no more than enough for the purpose stipulated, and that as soon as a sufficient quantity had been used for that purpose it should be shut off until it was again needed for the same purpose, the ditch company brought an action to restrain the landowner from using the water upon other lands than the forty acres described in the contract, alleging that he had irrigated other lands in addition to the forty acres, and in so doing had used more water than was necessary to irrigate the forty acres. The defendant answered by admitting that he had used the water to irrigate additional land, but denied that he thereby used a larger amount of water than was necessary or for a longer time than was required to irrigate the tract described in the contract. *Held*, that the answer denied none of the material specific acts alleged in the complaint as a violation of the contract and stated no defense, and a demurrer to the answer was properly sustained.

2. Water Rights—Contracts—Public Policy.

A contract between a ditch company and landowner whereby the company agrees to furnish water to the landowner to irrigate a certain described tract of land, and which restricts the use of the water to the land specified, and limits the amount and time of its use to what is necessary and requisite for the purpose of irrigating the land specified, is not unreasonable and against public policy, but is valid and may be enforced against the landowner.

*Appeal from the District Court of Weld County.*

The appellee is a duly organized ditch corporation, and has the management and control of a certain irrigating ditch known as the Platte Valley ditch, taken from the Platte river, in Weld county. It has sold to sundry owners of land lying under its ditch, including appellant, a large number of rights for the carriage of water, to be used upon their lands for agricultural purposes. By the contracts entered into between it and its consumers, the water is to be applied upon the lands therein specified. On the 11th day of April, 1888, it sold to appellant a one half of one eighty acre water right under a contract in the usual form, and which provides, *inter alia*, as follows:

" That in consideration of the stipulations herein contained and the payments to be made as hereinafter specified, the first party hereby agrees to sell unto the second party one-half water right to the use of water flowing through the canal of said company, each right representing 1.44 cubic feet of water per second, to be measured over a weir or in other such manner as the first party may from time to time deem best, subject to the following terms and conditions, to which the said Isaac Wright and his assigns expressly agree.

" 1st. That said company agrees to furnish the said water to the said Isaac Wright or his assigns, during the irrigating season, except as hereinafter provided, and at no other time.

" 2d. Said water shall be used only to irrigate the following described tract of land, and no other land, to wit: The east half of the northeast quarter of the northwest quarter and the north half of the southeast quarter of the northwest

quarter of section four (4), Township three (3) north, Range sixty-six west, in Weld county, but may be used for domestic purposes during the irrigating season, but under no circumstances shall said water or any portion thereof be used for mining, milling or mechanical power, or for any other purpose not directly connected with or incidental to the purposes first herein mentioned.

"3. The said Isaac Wright or his assigns shall not permit said water or any portion thereof, furnished as aforesaid, to run to waste, but as soon as a sufficient quantity shall have been used for the purposes herein allowed and contracted for, the said Isaac Wright or his assigns shall shut off said water and keep the same shut and turned off until the same shall be again needed for the purposes aforesaid, but in no case shall the amount of said water taken or received by said Isaac Wright or his assigns exceed the quantity hereby sold."

On November 24, 1896, the appellee instituted this action in the district court of Weld county to enjoin the appellant from using and applying the water so purchased upon other and additional lands; and as ground for such relief alleges that while still using and applying the same upon the forty acres described in said contract, he has "lately been using and attempted to use the said water on other and different lands than the lands described in said contract, to wit: Upon the S. W. ¼ of the N. W. ¼ and about half of the N. W. ¼ of the N. W. ¼; also the balance of the S. E. ¼ of the N. W. ¼, all of section 4, township 3 north, range 66 west, thus irrigating and attempting to use the water right for 40 acres to cultivate and irrigate about 120 acres of land; that thereby defendant has been using and attempting to use a larger amount of water than is necessary for the said 40 acres of land and for a much longer time than was required for the irrigation of the said 40 acres of land; that by reason of the premises defendant is placing and attempting to place an additional burden upon the said water right and to greatly enlarge the said water right to the great injury and damage of this plaintiff and the

several water right owners in said ditch and the consumers
of water therefrom.

"That during the irrigating season of 1896 the said defend-
ant has asserted and enjoyed the said enlarged use of said
water right, and has irrigated the most of said 120 acres of
land, and in so doing has called for and used more water than
was necessary for the irrigation of said 40 acres of land, and
employed the said water right and the use of water there-
under, for a period of time greatly exceeding the time required
to use the said water right upon the said 40 acres of land."

To this complaint appellant interposed five defenses. First,
as an answer to the allegations of the complaint above quoted,
he states :

"This defendant admits that he used some of said water
during the irrigating season of 1896 on another and different
small tract than that described in said contract, and did
thereby attempt to irrigate a small tract more than the said
tract of land described in the contract, but denies that thereby,
he, the defendant, used or attempted to use a larger amount
of water than was necessary for the said tract of land de-
scribed in the contract, or for a longer time than was required
for the irrigation of said last named tract of land, described
in said contract ; denies that, by reason of said premises, he,
the defendant, is placing or attempting to place an additional
burden upon his said water right, or to enlarge the water
right to the injury of the plaintiff or any water right owners
under said ditch, or consumers of water, or in any other
manner whatsoever, because that the small additional tract of
land which he, this defendant, attempted to or did irrigate,
lies adjacent to the tract of land mentioned in said contract,
and below the same as respects the matter of elevation, and
the irrigation of said additional tract was accomplished by
the use of a small portion of the water to which this defend-
ant was entitled under his contract, by conducting the sur-
plus remaining after irrigating the said tract mentioned in
the contract, to said adjoining tract, which surplus could not

be returned to the plaintiff's ditch, and, except for the use aforesaid, must necessarily have run to waste."

For a second defense appellant attacks that clause of the contract which provides that the water shall be used only to irrigate the certain tract of land in the said contract mentioned, as being harsh, unreasonable, and contrary to public policy; that the appellee, acting only in the capacity of common carrier, had no right to impose such limitation, and was guilty of illegal exaction in requiring appellant, as a condition to the furnishing of water, to sign said contract; that he signed the same under protest, being compelled so to do or else fail of the procurement of water.

" And further, that that certain other provision in the said contract to the effect that as soon as a sufficient quantity of water shall have been used for the purpose of irrigating the particular tract of land mentioned, this defendant, or his assigns, shall shut off said water and keep the same shut and turned off until the same shall be again needed for the irrigation of said tract of land, is likewise an unnecessary, unreasonable, harsh and unjust provision, not required for the protection of said plaintiff in its business as a common carrier, or for the protection of its patrons, and is likewise contrary to public policy, and void."

For a third defense he denies that the action is instituted as alleged in the interests and on behalf of other users of water from its ditch, or that it is seeking the relief demanded for their protection; but is brought solely for the purpose, on the part of appellee, of imposing an additional burden upon appellant and its other consumers, without giving any added benefit.

The fourth defense is in substance the same as the second, and presents the question as to the right of plaintiff to exact as a condition to supplying water, a stipulation that the water for which the consumer pays, was not to be used upon any other than the specified tract.

For a fifth defense it is averred that at the time of entering into the contract the water therein contracted for was

scarcely sufficient to irrigate, during the irrigating season of the year, the tract of land described therein ; that since that time, by reason of continued cultivation of said land, and by reason of various causes connected with continued use, irrigation and cultivation of same, the land does not now require much more than half the quantity of water which at the time of making the contract it did require ; and the quantity of water sold to appellant is now sufficient to properly irrigate the land mentioned in said contract, and also a small additional tract adjoining ; and avers :

" That by reason of the premises, he hath become and is entitled to use and is, therefore, attempting to use, water for the irrigation of said small adjoining tract, but in so doing, this defendant hath not used, and does not purpose to use or attempt to use any other or greater quantity of water, nor for any longer period of time, nor any more continuously than he, at the time of the making of said contract or agreement, could lawfully and properly use said water for the particular tract mentioned."

A demurrer was interposed and sustained to these defenses, appellant electing to stand by his answer. A decree was entered in favor of appellee, awarding it the relief prayed for in the complaint. To review this judgment the defendant below brings the case here on appeal.

Messrs. BENEDICT & PHELPS, for appellant.

Mr. JAMES W. MCCREERY, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

1. The first error discussed by counsel for appellant is predicated upon the action of the court below in sustaining the demurrer to the first defense. Their contention is that this defense traversed a number of material allegations of the complaint, and put in issue the fact as to whether there had been a violation of the contract as alleged ; and that therefore

no decree could go in favor of appellee without proof on its part of the existence of this controverted fact. By reference to that portion of the answer which is relied on as constituting such traverse, as above set out, it will be seen that it contains no denial of the specific acts alleged to have been committed by appellant in violation of the contract, to wit, That during the year 1896 he not only used the water to irrigate the forty acres specified in the contract, but also to irrigate and cultivate altogether about 120 acres; but does contain an admission that he had, during that year, used the water on other and different land, and did thereby attempt to irrigate a small tract more than that described in the contract. From this admission, and these undisputed averments, notwithstanding the denial in general terms that the appellant thereby used a larger amount of water than was necessary, or for a longer time than was required for the irrigation of the particular tract described, it sufficiently appears that appellant used the water in violation of the terms of the contract.

2. It is unnecessary to determine in this case the question, so fully and ably discussed by counsel, as to whether or not a consumer of water under a ditch can, without the consent of the ditch company, change the use of water to another and distinct tract of land from that specified in the contract, since, under the averments of the complaint, appellant has not made, or attempted to make, such a change. Nor is the action brought to prohibit such a change. The only important question presented by the pleadings is, whether the third provision of the contract, in so far as it limits the use of the water right in question to the necessities of the particular forty acres therein described, is valid and enforcible against appellant. In other words, whether, notwithstanding this limitation, the appellant can use the water for all necessary purposes upon the land specified, and at the same time apply it to the irrigation of other and adjacent land. Counsel for appellant insist that this provision is harsh, unreasonable, against public policy and void, because, it is said that the

ditch company, being simply a " common carrier " is clothed merely with the right to carry water and receive compensation therefor; and the consumer under the ditch who applies the water to a beneficial use, being really the appropriator of the water, and hence the owner of the water right, is entitled to apply the water thus appropriated to any land he may desire; and any attempt on the part of the ditch company to limit or control his exercise of this right is beyond its power. We cannot agree fully with counsel upon either of these propositions. It is true, as has been frequently announced by this court, that a ditch company is not the owner of the water it diverts through its ditch; neither is its status, in the strict legal sense of the term, that of a " common carrier." As was said in *Wheeler v. The Northern Colorado Irrigation Co.*, 10 Colo. 582:

" The carrier must be regarded as an intermediate agency existing for the purpose of aiding consumers in the exercise of their constitutional right, as well as a private enterprise prosecuted for the benefit of its owners."

Its *status* is more like that of a private carrier, whose duties are measured by the obligations it assumes towards its consumers, and such as the law imposes by reason of the nature of the business in which it is engaged. While it may not impose conditions that operate to deprive consumers of the enjoyment of their constitutional rights, it may require them to exercise such rights under reasonable regulations and limitations. The consumer, by reason of his application of the water to a beneficial use, is said to be an appropriator, yet we do not think he occupies the exact status of one who appropriates the water directly from the public stream. His contract with the company is not the purchase of a given volume of water, but the purchase of the right to use the canal as a means to conduct a given volume, or so much thereof as may be necessary to irrigate a certain number of acres; while one who diverts the water through his own channel directly from the stream, having made an appropriation of a given volume without any such limitations imposed, is at liberty to di-

vert that volume when such diversion does not interfere with the prior rights of others, and apply it to the use for which it was originally intended, or on an acreage exceeding that for which the diversion was originally made. In other words, the consumer under a ditch, by the express terms and limitations of his contract, does not acquire a right to the continuous use of the maximum of the water right conveyed, and which may have been necessary to irrigate the specified number of acres originally; but only acquires the right to have so much thereof furnished for such length of time as the land, in its existing condition, requires. We are unable to see wherein such limitation is against public policy, or is in any sense an illegal or unreasonable exaction on the part of the ditch company. It is intended to prevent the waste of water, or a use of the same in excess of the necessities of the particular piece of land specified, and is directly in line with the policy prescribed by the legislature upon this subject. Section 2283, Mills' Ann. Stats., provides:

"During the summer season it shall not be lawful for any person or persons to run through his or their irrigating ditch any greater quantity of water than is absolutely necessary for irrigating his or their said land, and for domestic and stock purposes; it being the intent and meaning of this section to prevent the wasting and useless discharge and running away of water."

We think that the provision under consideration was a legitimate subject of contract between the appellant and the ditch company, and measures the extent to which appellant may avail himself of the water right in question. The decree of the court below was in conformity with this view, and is accordingly affirmed.

*Affirmed.*