No. 13,901.

COSTILLA DITCH COMPANY *v.* EXCELSIOR DITCH COMPANY ET AL.

(68 P. [2d] 448)

Decided May 3, 1937. Rehearing denied May 24, 1937.

Mr. GEORGE M. CORLETT, Mr. CLAUDE W. CORLETT, Mr. CHARLES R. CORLETT, for plaintiff in error.

Mr. RALPH L. CARR, Mr. J. H. THOMAS, Mr. JEAN S. BREITENSTEIN, for defendants in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

THIS is a controversy between two mutual ditch companies involving the question whether the one which had acquired stock in the other, can use the water represented by that stock on lands other than those served by the ditch of the latter. The situs is on the Rio Grande river, near Alamosa, whence at a given point the Excelsior Ditch Company, one of the defendants in error, the older of the two companies, diverts water to irrigate lands immediately adjacent thereto for about fifteen miles above the city, while the Costilla Ditch Company, plaintiff in error, diverts its water at a point about two miles below the head gate of the Excelsior company, for use on lands a few miles from the lands of the Excelsior company.

It appears that prior to April 10, 1935, the Costilla company acquired by purchase and assignment from previous owners, four and one-half shares of stock of the Excelsior company; that before the Excelsior company would transfer the stock to the Costilla company it required payment of several hundred dollars of defaulted assessments by the former owners as well as the assessment for the current year; that after the Costilla company had paid such assessments and the stock had been transferred, the Excelsior company refused to deliver the water represented by the Costilla company's stock, in consequence whereof the action in mandamus under review was begun; that in answer to an alternative writ the Excelsior company pleaded a bylaw adopted May 9, 1935, reading as follows: "No transfer of water from one tract of land to another tract of land shall be permitted except by and upon the approval of the board of directors."

The trial court held that the adoption of the bylaw

was within the power of the board of directors of the Excelsior company, and that proceeding in virtue thereof the board's refusal to transfer the water called for by the Costilla company's purchased stock was neither arbitrary nor unreasonable. We think the court erred. Assuming the general power of the directors to adopt such a bylaw, what in a given instance, proceeding thereunder, the board might do must depend upon the facts then appearing. That principle is recognized in *Model Land & Irrigation Co. v. Madsen,* 87 Colo. 166, 285 Pac. 1100, relied on by the Excelsior company here. It will contribute to our study to contrast the facts in the Model case with those here. There, the bylaw had existence from the outset of the company's activities, and was in harmony with the original purpose and plan of a group of entrymen to reclaim by irrigation a definite area of government desert land, all the entrymen co-operating to that end and constituting the sole stockholders in the irrigation company. When Madsen purchased stock in the Model company, he not only knew of the existence of the bylaw under which its board of directors acted in denying transfer of water to other land in his interest (indeed, the bylaw was written into the certificate he held), but from an earlier experience which he had with the board in a comparable situation he was advised of its attitude in relation to the transfer of water to other land. In the present case, prior to making purchase of the water stock in question the Costilla company was at pains to ascertain that the Excelsior company had no such bylaw. In light of that fact, and with the knowledge possessed by the Excelsior company that the Costilla company had the purchase of the stock in contemplation, and how and where it intended to use the water represented by the stock, the purchase was consummated. Thereupon, as we have stated, the Excelsior company demanded payment of defaulted assessments on the stock, as well as the current assessment, with which the Costilla company complied. Subsequently, the Excelsior

436

company, to quote from its pleading, "adopted a definite policy," and passed the bylaw hereinbefore set out. Predicated thereon, as was the evident purpose, the board of directors of the Excelsior company refused to allow transfer of the water represented by the Costilla company's acquired stock to its use. We regard the Excelsior company's belated announcement of its "policy," immediately put into effect as against a newly acquiring stockholder purchasing in the faith of the nonexistence of any such policy, as arbitrary and unreasonable, and withhold our approval.

Let the judgment be reversed, the trial court to grant its peremptory writ of mandamus in accordance with the prayer of the Costilla company's petition.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE BAKKE concur.