[No. 11883. In Bank. — January 25, 1888.]

W. M. McFADDEN ET AL., APPELLANTS, v. BOARD OF SUPERVISORS OF LOS ANGELES COUNTY, RESPONDENT.

WATER CORPORATION — USE OF WATER LIMITED TO STOCKHOLDERS — BY-LAWS. — A corporation organized for the purpose of supplying water for the use of the owners and occupants of land within a particular district may adopt by-laws limiting the right to use the waters of the corporation exclusively to its own stockholders on lands owned by them.

ID. — BOARD OF SUPERVISORS — FIXING WATER RATES. — The board of supervisors of a county have no power, either under section 1 of article 14 of the constitution, or the act of March 12, 1885, to fix the water rates of a corporation which acquires and holds water solely for the use of its stockholders, and not for sale, distribution, or rental to the general public, and which does not sell, rent, or use its water in any way so as to accumulate a fund for the payment of dividends.

ID. — STOCKHOLDER BOUND BY ARTICLES OF INCORPORATION AND BY-LAWS. — A stockholder of a corporation is bound by its articles of incorporation and its duly and regularly adopted by-laws, whether he has signed them or not.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial.

The proceeding was brought for a writ of mandate to compel the defendant to fix the water rates to be charged by the Anaheim Union Water Company. The plaintiff's demurrer to the defendant's answer was sustained, and after trial, judgment was rendered in favor of the plaintiffs. The defendant moved for a new trial, which was denied. The further facts are stated in the opinion of the court.

*G. M. Holton,* and *Albert M. Stephens,* for Appellants.

The purpose for which the Anaheim Union Water Company is formed is lawful, and the fact that the company manages and maintains ditches and delivers water to its stockholders does not subject its property to public use and control. (Civ. Code, sec. 286; *Shorb v. Beaudry,* 56 Cal. 450.)

*J. G. McCallum,* for Respondent.

Thornton, J.— Petition for writ of mandate.

The answer in this case sets forth that the Anaheim Union Water Company is a corporation formed under the laws of this state on the 29th of January, 1884, for the purpose of supplying water for hydraulic, irrigating, and domestic use to the owners and occupants of a district of twelve thousand acres of land situated in Los Angeles County, and contained within certain limits which are set forth in the articles of incorporation.

It further sets forth that the corporation above named duly adopted by-laws, which by-laws, as well as the articles of incorporation, have been signed by the stockholders thereof, except one of the plaintiffs herein named John Wagner. These articles and by-laws are made part of the petition.

By the by-laws, the directors of the corporation are authorized to charge the stockholders such sums for the water as may cover the ordinary expenses of the company.

It further appears from the answer that the waters were acquired and held to be used on the lands of the stockholders, and not for sale, distribution, and rental, or otherwise; and from the by-laws, that no water shall be sold or used for any purpose on lands not covered by stock of the company,— with a proviso allowing a stockholder to use water on other lands on certain conditions, —but the water is to be used by or sold to no one else but a stockholder.

The by-laws adopted in their scope and extent do not go beyond the power in the corporation to adopt them. In our view, they are not inconsistent with the constitution or laws of this state.

We think the answer in the particulars above set forth shows that the water was acquired and held for the use of the stockholders of the corporation only, and

not for sale, distribution, or rental to the public generally. Nor is it intended that the water or the agencies used for its distribution was to be sold, or rented, or used in any way to accumulate a fund from which dividends were to de declared and paid.

Under these circumstances, we do not think that the provisions of the constitution (article 14, section 1) or of the act of March 12, 1885 (Stats. 1885, p. 95), authorized the board of supervisors to fix the rates at which the waters of a corporation like the one involved herein are to be sold, rented, or distributed.

The stockholders have already fixed the mode of regulating what shall be paid for the use of water in the district in which their lands lie, and we are of opinion that the rates so fixed should govern. It will be observed that by these rates it is intended that the stockholders are to be charged such sums only as may cover the ordinary expenses of the company. These ordinary expenses only include the salaries to be paid, and the expense of repairing and it may be extending the ditches.

The rates to be fixed under the act of 1885 by the board of supervisors of a county are in the cases where the waters controlled by the corporation are to be sold, or distributed, or rented to the general public for profit, to be distributed as dividends among the stockholders, in which case individuals not stockholders may procure water or not, as they choose.

In this case it is clearly apparent that the waters under the control of the corporation were acquired to be held and employed for the use of the stockholders only.

An individual can certainly acquire water to be used on his own land. With such use a board of supervisors would have nothing to do. We know of no reason why individuals cannot associate themselves, take on a corporate form, and acquire water to be used on their own lands. When this is done, we are of opinion that a

board of supervisors can have no more power over the rates to be paid by the stockholders than in the case of individuals.

It does not clearly appear whether John Wagner is a stockholder of the Anaheim Union Water Company or not. If he is a stockholder, he is bound by the articles of incorporation and by-laws, duly and regularly adopted under section 301, Civil Code (and such we take the by-laws in this case to be), whether he has signed them or not. As a stockholder, his only control over the fixing of rates is in voting for directors who are authorized to adjust such rates. If not a stockholder, he has no right to interfere in any way in the fixing of rates, or to call on the board of supervisors to fix the rates for water sold or used.

It follows from the above that the answer furnishes a defense in this proceeding; that the demurrer to it was improperly sustained; and that if the averments of the answer are true, no writ of mandate should be granted to the board of supervisors to fix the rates to be charged for water sold or distributed by the Anaheim Union Water Company.

The judgment and order must therefore be reversed, and the cause remanded, with directions to the court below to set aside the judgment and enter an order over-ruling the demurrer to the answer.

Ordered accordingly.

Searls, C. J., Paterson, J., Temple, J., McKinstry, J., and McFarland, J., concurred.