ELLA M. SHARTLE, Respondent, v. MODERN BROTHERHOOD OF AMERICA, Appellant.

Kansas City Court of Appeals, November 15, 1909.

1. FRATERNAL SOCIETIES: Benefit Certificates: By-Laws: Initiation. The assured in a benefit certificate is presumed to know the by-laws of the society and he must comply with those laws as to membership and initiation before a liability is incurred.

2. WAIVER: Estoppel: Course of Conduct: Liability to Assured. But a benevolent association may by a course of conduct lead the assured into the belief that an obligation is assumed without his compliance with its by-law, and in such case a liability arises.

3. **Estoppel: Course of Conduct: No Liability.** Where the person claiming to be a member, is not accepted by the local lodge and is not initiated and dies in a few days after applying for membership, and before there has been any misleading conduct by the society, his payment of an initiation fee, which is to be returned if he is rejected, will not create a liability.

4. **ESTOPPEL: Conduct With Third Parties.** Course of conduct with others, not shown to be known to the applicant, will not create a liability to him.

Appeal from the Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

REVERSED.

*Conkling, Rea & Sparrow* for appellant.

Appellant is an Iowa corporation; it was organized and incorporated in March, 1897, under the provisions of an act of the Legislature of that State approved April 3, 1896, "defining fraternal beneficiary societies, orders or associations, and regulating the same," and has always done business under the provisions of said act. Since its entry into Missouri, in the year of its organization, it has at all times complied with all laws of this State governing fraternal benefit societies, and has annually received from the Superintendent of the Insurance Department of Missouri a license authorizing it to do the business of a fraternal benefit society in said State. We are aware of the fact that this court has held that the appellant is not such a fraternal benefit society as can claim exemption from the provisions of section 7896, Revised Statutes 1899, providing that suicide shall be no defense unless it is shown that the insured contemplated suicide at the time of applying for his insurance, or of section 7890, Revised Statutes 1899, providing that no misrepresentation shall be deemed material unless the matters misrepresented shall have contributed to the event upon which the insurance was payable. Herzberg v. Modern Brotherhood of

America, 110 Mo. App. 328; Dennis v. Modern Brotherhood of America, 119 Mo. App. 210; Kroge v. Modern Brotherhood of America, 126 Mo. App. 693. But, while, as above stated, this court held, in the cases cited, that appellant was not such a fraternal society as could claim exemption from the provisions of the Missouri Statutes relating to suicide and misrepresentations, it has always held appellant to be a fraternal benefit society. Respondent's counsel practically concede that Shartle could not become a member of appellant society without initiation into one of its subordinate lodges, but the contention will be, and they tried the case on that theory, that initiation was waived. They made an effort to prove waiver by showing, First, that the secretary of Independence Lodge No. 364, of appellant, to which Shartle had applied for membership, and the secretary of probably two other subordinate lodges, had prior to the delivery to Shartle of his benefit certificate, delivered benefit certificates to other persons without requiring their initiation and that such acts on the part of these subordinate lodge secretaries amounted to a waiver of initiation in Shartle's case. Second, that three persons who had, at some time since the organization and incorporation of appellant, attended one or more meetings of its Supreme Lodge, as delegates thereto, had notice of the fact that the secretaries of several subordinate lodges, including Independence Lodge No. 364, had been delivering benefit certificates to persons without requiring their initiation, and that such notice on the part of these persons was notice to appellant, and amounted to a waiver of Shartle's initiation. Third, by attempting to show that appellant's state managers for the States of Missouri and Kansas knew that several subordinate lodge secretaries had been delivering benefit certificates to persons without requiring them to be initiated and all members of appellant society, and all benefit certificates issued by said society and all rights thereunder are subject and subordinate to appellant's by-

laws, and neither a local lodge nor the officers or members thereof, had any power or authority to waive any of the provisions of said by-laws relative to the initiation of applicants for membership. Lavin v. Grand Lodge, 104 Mo. App. 1, citing with approval the following cases: Borgraefe v. Knights of Honor, 22 Mo. App. 141; Chadwick v. Order of Triple Alliance, 56 Mo. App. 463; Harvey v. Grand Lodge A. O. U. W., 50 Mo. App. 477; McMahon v. Maccabees, 151 Mo. 522; Royal Society of Good Fellows, 153 Mass. 83; McCoy v. Insurance Co., 152 Mass. 272; Miller v. Hillsborough Fire Assn., 42 N. J. Eq. 459; Royal Highlanders v. Scovills, 92 N. W. 206. Appellant's supreme officers have not the power or authority to waive the requirement of initiation. Notice to delegates to former meetings of supreme lodge not notice to supreme lodge officers. Bank v. Frohman, 129 Mo. 427; Benton v. Bank, 122 Mo. 332. Appellant's articles of incorporation and by-laws were, therefore, a part of the contract between it and Shartle. Richmond v. Supreme Lodge, 100 Mo. App. 19; Laker v. Royal Frat. Union, 95 Mo. App. 353; Slater v. Sup. Lodge, 76 Mo. App. 389; Loyd v. M. W. A., 113 Mo. App. 19; Coleman v. K. of H., 18 Mo. App. 194; Curtain v. Grand Lodge, 65 Mo. App. 297.

*Metcalf, Brady & Sherman* for respondent.

Appellant in its brief tries to draw the conclusion from the Herzberg case, 110 Mo. App. 328, that the reason this court therein held the defendant company not to be a fraternal beneficiary society, was because of the contract of insurance therein considered. In fact, as we read the opinion of this court, it was held that inasmuch as the law of Iowa and the by-laws of the defendant company, permitted certificates to be issued to a class not recognized by our statutes, it could not be a fraternal society, as defined by our statutes. And the fact that the certificate therein sued on was of that nature, was a matter of secondary consideration.

It is their charter powers and not their acts that gives them classification. This distinction is fully made in the Dennis case, where the contract sued on named a beneficiary which is recognized by our statute. Dennis v. M. B. A., 119 Mo. App. 215.

ELLISON, J.—Plaintiff is the beneficiary in a benefit certificate for $1,000 issued by defendant to her husband in his lifetime. He died and defendant refused to pay and plaintiff thereupon instituted this action.

The defendant is a fraternal benefit society organized under the statutes of Iowa and is also doing business in this State under authority of our laws. On the 20th of November, 1906, the deceased then being a resident of Independence, Missouri, made application to the subordinate lodge of defendant for that city for membership and for the benefit certificate in controversy. The application was approved on the 23d of November, 1906, and on the next day the benefit certificate was issued and sent by defendant's "Supreme Secretary" from the home office in Iowa to the secretary of the subordinate lodge at Independence. A few days thereafter, on the 5th of December, 1906, that secretary delivered the certificate to the deceased, and collected from him the benefit assessment for the month of December. A few days after this, viz. on the 13th of December, 1906, deceased died without having been initiated or accepted as a member of the Independence lodge and without having taken any of the ritualistic work prescribed by the by-laws of the society. On these subjects the by-laws contained the following provisions:

"Sec. A. . . . Upon receipt of the benefit certificate the President shall notify the candidate and he shall be initiated by the subordinate lodge at a regular or special meeting. At any time before the initiation of an applicant, the lodge may, by a majority vote, refuse to initiate, in which case, the benefit certificate

with a certified statement of the action of the subordinate lodge, shall be immediately forwarded to the Supreme Secretary.

"Sec. D. The initiation fee shall be deposited by the secretary with the treasurer, and in case the applicant is rejected, said fee shall be returned to him by order of the lodge. But if the applicant fails to report for medical examination within thirty days after his election, or fails to report for initiation within sixty days after his benefit certificate is issued, he shall forfeit the membership fee, and if he desires to become a member, must again make application, when his fees shall be credited on second application. . . .

"Sec. G. The liability of this fraternity for the payment of benefits upon the death or injury of a member shall not begin until all the acts, qualification and requirements prescribed in the above division, and in all the laws, rules, regulations and ritual of the fraternity shall have been fully complied with by him, and until all acts therein prescribed for the lodge shall have been fully complied with by it, and until his application shall have been approved by the lodge and Head Physician, and a benefit certificate issued as provided in Sec. C of this division, and delivered to the applicant while in good health, and no officer of this fraternity is authorized or permitted to waive any of the provisions of this division, or these laws, or any other of the laws of this fraternity which shall relate to the contract of insurance between the members and the fraternity."

It thus appears that there was delivered to deceased and he accepted a benefit certificate before he became initiated as a member of the defendant's subordinate lodge for Independence, and before he took upon himself any ritualistic work. The by-laws above quoted provide that when the benefit certificate is received the applicant therefor shall be initiated by the subordinate lodge. If initiation is refused the certificate is to be returned to the Supreme Secretary at the home office.

It will be seen that the by-laws further provide that no liability shall attach "until all the acts, qualification and requirements prescribed . . . and all the laws, rules, regulations and ritual shall have been fully complied with." Such laws also provide that no officer is authorized to waive any provisions thereof. The deceased died without having complied with any of these prerequisites entitling him to a benefit certificate.

The terms of section 1408 of the statutes of 1899 require (as the by-laws of defendant required) that these associations have a lodge system and a ritualistic form of work. The St. Louis Court of Appeals has said that "By requiring a lodge system the statute evidently intended that no person could become a member of these orders until he was initiated as a member of one of its lodges." The by-laws of these associations expressly so provide. [Hiatt v. Fraternal Home, 99 Mo. App. 105.] And this is said to be not an idle form, but is necessary under the charter of the society. [Loyd v. Modern Woodmen, 113 Mo. App. 19.]

The question now under consideration has been before the courts in other states and it is held that initiation into the lodge and compliance with essential terms of the by-laws of the association are necessary prerequisites to a valid and binding beneficiary certificate. [Matkin v. Supreme Lodge, 82 Tex. 301; Driscoll v. Modern Brotherhood, 77 Neb. 282; Loudon v. Modern Brotherhood, 119 N. W. 425 (Minnesota); see also Taylor v. Grand Lodge, 29 N. Y. Supp. 773.]

It cannot be denied, for the record conclusively shows, that deceased was never initiated into the society, nor were any of the essential matters done by him, required by the by-laws, which entitled him to a benefit certificate or obligated the society to pay the certificate after his death.

But it is insisted that defendant is estopped to deny liability by having waived these provisions of its by-laws, and that the obligation arose from that fact.

There is no doubt that an association of this character can become liable by waiver and estoppel, notwithstanding the prerequisites to liability, as required by the laws of the association, have not been complied with. [McMahon v. Maccabees, 151 Mo. 522; Supreme Fraternal Circle v. Crawford, 32 Tex. Civ. App. 603; Benefit Ass'n v. Blue, 120 Ill. 121; McCorkle v. Texas Benevolent Ass'n, 71 Tex. 149.] These authorities are taken from plaintiff's brief, but in each of them it appears to be necessary that the society has acted towards deceased in such way as to lead him to believe the laws would not be enforced and that an obligation would attach notwithstanding there had not been any compliance with those laws. So it may be said that if the association, through it supreme officers, by a course of dealing with the deceased leads him to believe that it has assumed an obligation to pay the certificate without compliance with its laws, then it will not be permitted to deny liability. And though this course of dealing has been had with inferior officers—officers of the subordinate lodge—without authority to bind the society, yet if it has been carried on in such way or for such length of time as necessarily to have been known to the supreme officers of the general society, it will become binding.

What are the facts in this case as applied to this rule of law? Assuming, as we must, that deceased was acquainted with defendant's by-laws, as we have quoted them, what evidence is there to show that he was lulled into security or deceived by the defendant; or that he was led to believe the defendant would not require him to comply with the laws, even to *becoming a member of the society?* We are not cited to any testimony of that character in the record. The time between his first movement toward obtaining a benefit certificate and his death was quite short,—twenty-three days. As already stated, he made application for membership on the 20th of November, which was sent to the home office

and approved, and on the 24th of November the beneficiary certificate was issued and sent to the local secretary of the subordinate lodge, and on the 5th of December, deceased paid ninety cents as initiation fee, to be returned to him if he was rejected. In a week and a day thereafter he died before any opportunity was presented for deception or course of conduct leading him, as a reasonable man, to believe that he need not comply with any of the requisites necessary to make him a member of the society. He paid the fee, but that he knew to be an advance payment which was to be returned if he was rejected. So the most that can be said in behalf of plaintiff is that deceased had taken the first of many steps necessary to make a contract with defendant and died before any was, in fact, made; and before many of the vital requisites to that contract had been performed.

Plaintiff introduced evidence in her behalf which tended to show that the by-laws as to initiation of members into the society, of ritualistic work, etc., were not observed by the Independence and other lodges. It may be (we have no means of knowing) that defendant by its course of conduct with others became estopped as to them. But that has no bearing on this case, governed as it must be by its own facts. If there had been time for a course of conduct with the deceased in the matters now relied upon, and defendant had denied that it had done anything to mislead deceased, it may be that proof of what it customarily did with others would have had some tendency to prove what it did with deceased. But no such situation is presented by the record. The upshot of plaintiff's position is and must be, under the facts, that since defendant in the past had allowed others a non-compliance with its laws, it would, in the future, allow plaintiff the same thing.

But, aside from the foregoing considerations, it was not made to appear that the deceased knew of the course of carelessness and non-enforcement of by-laws as to the essential requisites to the contract. Unless

he knew that was the customary practice, he was of course not misled, deceived or lulled into a feeling of security,

An examination of the cases in plaintiff's brief will disclose that they are all based on a course of conduct which misled the assured. That fact appears in all the cases, notably that from our Supreme Court. [McMahon v. Maccabees, *supra*.] We recently had a case in this court (Burke v. Grand Lodge, 118 S. W. 493), in which we held, in an opinion by Judge JOHNSON, that the society was estopped to deny liability for the certificate. But there the assured had been a member of the lodge for eight years, and the defense was suspension for being behind with dues at the time of his death. But facts are set out in the opinion showing that he had frequently been behind and no forfeiture taken. It was true that it appeared some member of the lodge "would get up and stand good" for delinquent members, and for the assured in the different instances when he was delinquent. The practice of granting these indulgences to the assured and other members, the opinion states, was very common and was known to all. And so when it came to taking a forfeiture for non-payment against the assured when he was dying, we refused to allow it. But this is no such case as that and cannot in any way be likened to any of the authorities upon which plaintiff has placed reliance.

This is merely a case in which it is stated what might have occurred, if deceased had lived any considerable length of time, should be assumed by us as having actually occurred.

The judgment is reversed. All concur.