HENRY- W. SWETT, APPELLANT, V. ANTELOPE COUNTY
FARMERS MUTUAL INSURANCE COMPANY, APPELLEE.

FILED MAY 29, 1912.   No. 17,096.

1. Insurance: MUTUAL COMPANIES: BY-LAWS. A by-law of a mutual
insurance company, which expressly provides that buildings in
which a stovepipe runs through the roof or side of the house, or
enters the chimney at the bottom or in the attic, are not insurable
by such company, is valid and binding upon the members of such
company.

2. ——: ——: ——. And a by-law which provides that removal
of personal property to any farm in the county shall not invali-
date the insurance of the member, "provided, that the buildings
into which it is removed are insurable in this company," is like-
wise valid and binding.

3. Pleading: WAIVER. Waiver is an affirmative defense, which, to be
available, must be pleaded.

4. Insurance:. WAIVER. The making, and demand for payment, by a
mutual insurance company, of an assessment upon a policy of
insurance, subsequent to a loss under such policy, will not be
held to be a waiver of its terms, in the absence of a plea and
proof of payment by the assured of such assessment.

5. Quaere. Whether payment of such an assessment to a purely mu-
tual insurance company would establish a waiver, quære.

6. Trial: DIRECTING VERDICT. Where it clearly appears from the plead-
ings and evidence that plaintiff is not entitled to any recovery, it
is the duty of the court to direct a verdict for the defendant.

APPEAL from the district court for Antelope county:
ANSON A. WELCH, JUDGE. Affirmed.

Henry M. Kidder, for appellant.

O. A. Williams, contra.

FAWCETT, J.

The petition alleges that defendant is a mutual insur-
ance company, organized under the laws of this state;
that plaintiff applied for and obtained a policy of $200

39

on furniture, clothing and other household effects; that at the time the policy was issued plaintiff resided on section 18, town 23, range 6, in Antelope county; that after the issuance of the policy he removed to section 33, town 25, range 7, in said county; that the removal was with the knowledge and consent of defendant; that plaintiff had paid all dues and assessments up to the time of the fire, and had complied with all of the rules and regulations of defendant contained in its by-laws and in the policy of insurance; that the property was destroyed by fire February 22, 1908, and was of the reasonable value of $302.20; that defendant refuses to pay the loss; and prays judgment for the amount stated in the policy. A copy of the policy and by-laws is attached to the petition and made a part thereof. The policy recites that it is issued in consideration of the cash premium and agreement in the assured's application. It also recites: "For further particulars see his application on file in the office of the secretary of this company, also articles of incorporation and by-laws annexed hereto, all of which are made a part of this policy." Section 8 of the by-laws reads as follows: "This company will not insure any old or dilapidated buildings; buildings with hay, straw, thatched, or rubber roof, or those that have a stovepipe through the roof or side of the house," etc. Section 15 provides: "The removal of personal property to any farm in the county shall not invalidate the insurance of the member. Provided, that the buildings into which it is removed are insurable in this company," etc. The answer alleges that the building situated upon section 33, into which plaintiff moved his personal effects, was not insurable in defendant company under the provisions of section 8 of the by-laws, for the reason that the stovepipes in said building passed through the ceiling and roof and not into any chimney, which rendered the personal effects of plaintiff uninsurable while contained in such building, as provided by section 15 of the by-laws; and that the fire which destroyed the property was caused and came

about because the pipes passed through the ceiling and roof and not into a chimney. The reply alleges that, subsequent to the fire and after the removal to section 33, the defendant made an assessment upon plaintiff of two mills on the full amount of his insurance policy, which was in the aggregate for $1,525, and which included the destroyed property; and that, because of such assessment and demand for payment thereof, defendant is estopped to claim that the policy was not in force on the goods destroyed at the time of the fire. At the conclusion of the trial the court directed a verdict in favor of the defendant. Plaintiff appeals.

The evidence is in line with the pleadings above set out, and no good purpose would be served by setting it out here. The district court was evidently of the opinion that no liability of the defendant ever attached to the articles of personal property, while contained in the uninsurable building situated on section 33. In this we think the court was right.

The alleged waiver or estoppel is not sufficiently pleaded. The allegation of the reply is: "That because of the said assessment and demand for payment the defendant has waived the conditions of the by-laws, and that because of said facts defendant is estopped to now claim that the said policy was not in force on the goods destroyed at the time of the said fire." Plaintiff does not allege that he paid the assessment. All the evidence shows is that, in the regular course of business, on October 19, 1908, an assessment notice in the usual form was sent out to the members of defendant company. The one mailed to plaintiff notified him that the assessment on his policy was two mills, or $3.06. This amount would be two mills upon the aggregate amount of plaintiff's policy. Not having alleged payment of the assessment, plaintiff is not in position to insist upon a waiver.

AFFIRMED.