246 P.2d 1041

## KING v. FARMERS ELECTRIC COOP., Inc.

No. 5387.

Supreme Court of New Mexico.

July 30, 1952.

Earl E. Hartley, Lynell G. Skarda, Clovis, for appellant.

H. R. Parsons, Fort Sumner, Smith & Smith, Clovis, for appellee.

LUJAN, Chief Justice.

Fred C. King, hereinafter referred to as plaintiff, brought action in the District Court of De Baca County, against the Farmers Electric Cooperative, Inc., of New Mexico, hereinafter referred to as the Cooperative, to enjoin it from depriving him of electric service through its transmission line because of his refusal to grant it a right-of-way easement without compensation and restore electric service theretofore furnished him.

The complaint alleges that it is a non-profit, cooperative, mutual organization organized under the provisions of Section 48-401 et seq., of the Statutes of New Mexico of 1941, as amended for the purpose of furnishing its members with electric energy for their use and operation and private and other consumption; that its main office is located in Clovis, New Mexico; that plaintiff became a member on February 14, 1948, and has continued to be such a member rightfully to the date of filing the complaint; that as such member he is entitled to all the rights, privileges and benefits incidental to and inuring to its members; that he has complied with all valid laws and regulations of cooperative; that he has performed all duties legally incumbent upon him and is ready, able and willing to continue compliance with said valid by-laws and regulations and to perform his legal duties

flowing from his membership; that at the time of his becoming a member, the cooperative had and still has an electric power transmission line available to serve plaintiff at and upon Highway No. 60; that plaintiff had and still has his combined home and ranch headquarters near said transmission line; that being located as aforesaid plaintiff sought membership of the cooperative and the consequent electric power service which it was serving and still is serving members by means of said transmission line; that cooperative accepted the plaintiff as a member and began furnishing its electric service over said transmission line and has continued to so serve plaintiff until its wrongful discontinuance of such service; that cooperative has the only transmission line available to furnish plaintiff electricity; that cooperative has made charges for the electric service it has rendered to him and that plaintiff has promptly paid all charges and is ready, able and willing to promptly pay all such charges made in the future by the cooperative; that on June 6, 1950, cooperative without right or legal justification and contrary to the membership contractual rights of the plaintiff, willfully, recklessly, spitefully and maliciously discontinued its electric service; that despite plaintiff's protest and demand for the restoration of said service the cooperative still fails and refuses plaintiff the electric service it has heretofore furnished him; that on June 10, 1950, plaintiff made formal and written demand upon the cooperative for said restoration of electric service; that plaintiff has no plain, speedy or adequate remedy at law in the premises for the wrong thus done him by cooperative; that plaintiff has no remedy at law adequate to the restoration of his membership right; that electric service is not obtainable except through the use of cooperative's transmission of power over its line; that by cooperative's wrongful acts immediate and irreparable loss has been and is daily sustained by plaintiff; that by reason of the form and nature of cooperative's organization a contract exists between it and all its members; that it is obligated to make available to all its members in good standing all the electric service it is able to furnish; that cooperative has violated its obligation although the plaintiff has fully fulfilled his obligations arising under said contract and is ready, able and willing to do so in the future; and praying that cooperative be required to perform its contract with plaintiff; that cooperative be enjoined to restore its electric service to plaintiff; and that plaintiff have actual and exemplary damages.

The lower court made and entered the following order:

"The above styled and numbered matter coming on to be heard by the Court and it clearly appearing to the Court from specific facts shown in

the verified Complaint that immediate and irreparable loss or damage will result to the applicant before this matter can be heard on notice."

It is ordered, adjudged and directed, as follows:

"1. That the defendant immediately reconnect its lines to plaintiff's premises and immediately restore its former service of furnishing electricity to plaintiff as one of its members; and that on said restoration being made that the defendant be, and it is hereby temporarily enjoined from disconnecting the plaintiff from said service and enjoined from failing to serve the plaintiff with electricity and energy."

Thereafter, cooperative answered denying that it had wrongfully refused to continue service to plaintiff and further denying that plaintiff had fulfilled his contractual obligations to cooperative but affirmatively alleging that plaintiff violated his membership contract, was demanding electric service on a preferential basis, and that plaintiff had been legally expelled from membership in defendant and his electric service legally discontinued.

The court found:

"1. That defendant, Farmers Electric Cooperative, Inc. of New Mexico, is a rural electric cooperative organized and doing business pursuant to Section 48–401, et seq., New Mexico Statutes 1941 Annotated. That the purpose of cooperatives organized under the Rural Electric Cooperative Act, ibid, is the supplying of electric energy and promoting and extending the use thereof in rural areas.

"2. That the Plaintiff became a member of Defendant Cooperative on February 14, 1948.

"3. That at the time Plaintiff became a member of Defendant Cooperative he was receiving, and continued until June 6, 1950, to receive from the Defendant, electric energy for domestic purposes.

"4. That the Defendant Cooperative proposes to construct a high voltage line from its sub-station in Curry County, New Mexico, through De Baca County, New Mexico to adequately serve the Town of Fort Sumner, New Mexico, and surrounding areas.

"5. That said line will have a capacity of 69000 KVA and will traverse more than four miles of lands owned by the Plaintiff.

"6. That the Defendant Cooperative demanded that the Plaintiff execute a grant of right of way across said lands for the purpose of constructing and maintaining said high voltage electric transmission line.

"7. That the Plaintiff refused to grant the right of way without compensation therefor.

"8. That the Defendant Cooperative by its Board of Trustees attempted to terminate the membership of the plaintiff, and did on June 6, 1950 disconnect its lines carrying electric energy to Plaintiff's premises and refused further service to the Plaintiff.

"9. That the expulsion from membership and termination of electric energy was to coerce this Plaintiff to grant a right of way across his lands for the construction of the high voltage line without paying compensation therefor."

We have carefully examined the record and find that there is substantial evidence to support findings numbered one to eight, inclusive. We reach a different conclusion as to the Court's finding of fact No. 9, as we find no substantial evidence to support the same, therefore, it cannot be sustained by us.

On February 14, 1948, plaintiff voluntarily became a member of Cooperative and continued so up until June 6, 1950, when he was expelled as a member and his electric service was disconnected for his refusal to grant it a right-of-way for a high voltage transmission line over his property. He had theretofore complied with the rules, regulations and by-laws of Cooperative.

Cooperative now serves nine hundred members in Fort Sumner and in the Pecos Valley and plans service for more than one hundred additional members in that county. It was stipulated that the present system, plant and generating facilities at Fort Sumner are inadequate and unreliable. In order to serve the De Baca County area properly, Cooperative proposed and set about procuring engineering, right-of-ways, and materials for a sixty-nine thousand volt line from Clovis to Fort Sumner. It was also stipulated that the building of the proposed line is necessary. A little over four miles of the proposed line traverses plaintiff's ranch. During the month of February, 1950, Cooperative began its survey for the new line. Mr. J. L. Coffey, County Commissioner of Curry County and a Mr. Gilbert contacted plaintiff relative to granting it a right-of-way for its transmission line over his ranch but plaintiff refused to grant the same unless he was paid for it. Several other attempts were made to have plaintiff grant said right-of-way, but without success. Thereafter, Cooperative took steps to expel plaintiff from membership pursuant to Section 7, Article 1, of its by-laws and the resolution passed pursuant thereto on July 26, 1947. Cooperative commenced its procedure by sending plaintiff a registered letter dated May 30, 1950, setting June 3, 1950 at 10 A.M. o'clock at Cooperative's office in Clovis, New Mexico, as the time and place to take final

action on the question of termination of his membership. The plaintiff did not appear for the hearing. The Board of Trustees convened on the appointed date and adopted a motion to expel plaintiff from membership and to disconnect electric service to him as of June 6, 1950. Thereafter, Mr. Luther Hudson, one of the trustees went to plaintiff's home to give him a final opportunity to comply, but nothing came of it. Cooperative then expelled plaintiff from membership and disconnected his electric service.

Section 48–408 of 1941 Compilation, provides:

"No person who is not an incorporator shall become a member of a cooperative unless such person shall agree to use electric energy furnished by the cooperative when such electric energy shall be available through its facilities. The by-laws of a cooperative may provide that any person, including an incorporator, shall cease to be a member of a cooperative if he shall fail or refuse to use electric energy made available by the cooperative or if electric energy shall not be made available to such person by the cooperative within a specified time after such person shall have become a member thereof. * * * *The by-laws may prescribe additional qualifications and limitations in respect of membership."* (Emphasis ours)

In accordance with the above section, a full set of by-laws was adopted by the board of trustees on January 27, 1940, included in which was Section 7, Article 1, as follows:

"Section 7. Termination of membership. Any member may withdraw from membership upon compliance with such uniform terms and conditions as the board of trustees may prescribe. The board of trustees of the Cooperative may, by the affirmative vote of not less than two-thirds of all the trustees, expel any member who shall have refused or failed to comply with any of the provisions of the articles of incorporation, by-laws or rules or regulations adopted by the board of trustees, but only if such member shall have been given written notice by the Secretary of the Cooperative that such refusal or failure makes him liable to expulsion and such refusal or failure shall have continued for at least ten days after such notice was given. Any expelled member may be reinstated by vote of the board of trustees or by vote of the members at any annual or special meeting.

"Upon the withdrawal, death, cessation of existence or expulsion of a member the membership of such member shall thereupon terminate, and the membership certificate of such member

shall be surrendered forthwith to the Cooperative. Termination of member-ship in any manner shall not release a member or his estate from any debts due the Cooperative."

On July 26, 1947, the board of trustees enacted the following resolution, which was duly adopted.

"That the Cooperative will not accept or consider applications for electric service from land owners (whether they be a person, firm, partnership, Association, Corporation, or body politic or subdivision thereof) unless they furnish right-of-way easements for the construction of pole lines by the Cooperative in and over all lands then owned or thereafter acquired by applicants, such easements to be subject to the reasonable and necessary present and future requirements of the Cooperative.

"That the refusal of any member of the Cooperative to furnish all such reasonable and necessary right-of-way easements shall be deemed just cause for the expulsion of such member and discontinuing electric service to all property owned or controlled by such person * * *."

At the time of issuing the membership certificate No. 3575 to the plaintiff, the provisions of the Cooperative by-laws relating to right-of-way easements had been enacted and in force. The plaintiff admits on one occasion that he made application for membership and on another occasion denies it. It is most likely that the plaintiff did sign an application blank as indicated by his letter of February 2, 1948, enclosing the membership fee which on the first mailing had been lost and apparently the application blank with it. The plaintiff having been accepted as a member of the Cooperative is not in any position to challenge the validity of its by-laws. Members of such organizations (as this) are presumed to know its charter and by-laws. This conclusion is well fortified by respectable authority: Clark v. Mutual Reserve Fund Life Ass'n, 14 App.D.C. 154, 43 L.R.A. 390; Americanized Finance Corporation v. Yarbrough, 223 Ala. 266, 135 So. 448; United Order of Golden Cross v. Hooser, 160 Ala. 334, 49 So. 354; Supreme Commandery Knights of Golden Rule v. Ainsworth, 71 Ala. 436, 46 Am.Rep. 332; Hobbs v. Iowa Mutual Benefit Ass'n, 82 Iowa 107, 47 N.W. 983, 11 L.R.A. 299; Shartle v. Modern Brotherhood of America, 139 Mo.App. 433, 122 S.W. 1139; Kocher v. Supreme Council Catholic Benevolent Legion, 65 N.J.L. 649, 48 A. 544, 52 L.R.A. 861; State ex rel. Webber v. Shaw, 103 Ohio St. 660, 134 N.E. 643; Home Forum Benefit Order v. Jones, 5 Okl. 598, 50 P. 165; Doehler v. Lansdon, 135 Or. 687, 291 P. 392, 298 P. 200; Sovereign Camp W. O. W. v. Bailey, Tex.Civ.App., 277

S.W. 782; Sterling v. Head Camp Pacific Jurisdiction, 28 Utah 526, 80 P. 1110; Wilson v. Union Mutual Life Insurance Co., 77 Vt. 28, 58 A. 799; Evans v. Southern Tier Masonic Relief Ass'n, 76 App.Div. 151, 78 N.Y.S. 611; Virginia Knights of Columbus v. Burrough's Beneficiary, 107 Va. 671, 60 S.E. 40, 17 L.R.A.,N.S., 246.

The plaintiff agreed, if accepted as a member of the Cooperative, to abide by all its rules, regulations and by-laws. He was accepted on that condition and will not now be permitted to repudiate the same.

 The Cooperative is a non-profit corporation organized under the Rural Electric Cooperatives Act of New Mexico, Chapter 47, Session Laws of 1939, the same being Section 48–401 et seq., of New Mexico Statutes 1941 Annotated. This statute, together with the articles of incorporation and the by-laws of Cooperative, and the application made by the plaintiff, and the certificate of membership issued to him, constitute the contract between plaintiff and the Cooperative. The application for membership in Cooperative contained, among other things, the following agreement: "applicant hereby agrees that he will comply with and be bound by the provisions of the Charter and by-laws of the Cooperative, and such rules and regulations as may from time to time be adopted by the Cooperative." The question then arises as to whether plaintiff, in view of this provision in his application and certificate of membership, is bound by the by-laws, rules and regulations, reasonable in their nature, and properly adopted under an authority conferred by the statute under which the cooperative is organized prior to the time he became a member of the corporation. We have no doubt in our minds that under a great weight of authority a member of a mutual organization, who agrees in his application to be bound by its laws, will, when such by-laws are reasonable, and enacted under properly delegated authority, be bound thereby. The following cases support the views expressed above: Weatherly v. Medical & Surgical Society of Montgomery Co., 76 Ala. 567, McFadden v. Los Angeles County Board of Sup'rs, 74 Cal. 571, 16 P. 397; Model Land & Irrigation Co. v. Madsen, 87 Colo. 166, 285 P. 1100; Coughlin v. Knights of Columbus, 79 Conn. 218, 64 A. 223; People ex rel. Keefe v. Women's Catholic Order of Foresters, 162 Ill. 78, 80, 44 N.E. 401; Norton v. Catholic Order of Foresters, 138 Iowa 464, 114 N.W. 893, 24 L.R.A.,N.S., 1030; Miller v. National Knights of Ladies of Security, 69 Kan. 234, 76 P. 830; Daughtry v. Knights of Pythias, 48 La.Ann. 1203, 20 So. 712; Donnelly v. Supreme Council Catholic Benevolent Legion, 106 Md. 425, 67 A. 276; Reynolds v. Supreme Council of Royal Arcanum, 192 Mass. 150, 78 N.E. 129, 7 L.R.A.,N.S., 1154; Douville v. Farmers' Mutual Fire Insurance Co., 113 Mich. 158, 71 N.W. 517; Thibert

v. Supreme Lodge Knights of Honor, 78 Minn. 448, 81 N.W. 220, 47 L.R.A. 136; Swett v. Antelope County Farmers' Mutual Insurance Co., 91 Neb. 561, 136 N.W. 347; J. P. Lamb & Co. v. Merchants' National Mutual Fire Insurance Co., 18 N.D. 253, 119 N.W. 1048; Supreme Ruling Fraternal Mystic Circle v. Ericson, Tex.Civ.App., 131 S.W. 92.

This being true, according to the certificate of membership here, when read in connection with the by-laws, rules and regulations, we are of the opinion and so hold that the refusal by the plaintiff to grant to the cooperative the required right-of-way for its transmission line, ipso facto, worked a forfeiture of his membership and an abrogation of the contract between themselves.

The conclusions announced make it unnecessary to decide other questions discussed by counsel. The judgment is reversed and the cause remanded with a direction to the District Court to set aside its judgment and for further proceedings thereafter, in conformity with the views herein expressed. The plaintiff (appellee) to pay costs of the trial court and of this court.

It is so ordered.

SADLER, McGHEE, COMPTON and COORS, JJ., concur.