**FILED**

February 7 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0563

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 30N

ARNOLD ROHRER,

       Petitioner and Appellant,

  v.

PONDERA COUNTY CANAL AND RESERVOIR CO.,

       Respondent and Appellee.


APPEAL FROM:    District Court of the Ninth Judicial District,
                 In and For the County of Pondera, Cause No. DV-10-45
                 Honorable Laurie McKinnon, Presiding Judge


COUNSEL OF RECORD:

       For Appellant:

           Arnold Rohrer (Self-Represented), Conrad, Montana

       For Appellee:

           John E. Bloomquist, James E. Brown, Doney Crowley Payne
           Bloomquist P.C., Helena, Montana


                       Submitted on Briefs:  January 25, 2012

                                Decided:  February 7, 2012


Filed:

           _____
                       Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 This case concerns whether Arnold Rohrer, on one hand, or the Pondera County Canal and Reservoir Company (PCCRC), on the other hand, is responsible for the maintenance of certain irrigation ditches. Rohrer filed a Petition for Declaratory Judgment in August 2010, requesting that the Ninth Judicial District Court, Pondera County, interpret PCCRC's Bylaws and its Articles of Incorporation and impose certain duties and responsibilities on PCCRC relating to the delivery of irrigation water. Rohrer and PCCRC filed cross-motions for summary judgment. The District Court heard oral argument and then granted judgment in favor of PCCRC and dismissed Rohrer's petition with prejudice. Rohrer, who is self-represented, now appeals. We affirm.

¶3 The undisputed facts, as determined by the District Court from the parties' filings, are as follows. PCCRC owns and operates certain reservoirs, canals, and irrigation works through which PCCRC makes water available to its shareholders for irrigation purposes. PCCRC's water delivery system and property are operated and maintained using revenues generated by dues and assessments imposed on shareholders under the PCCRC Bylaws. Rohrer owns 50 shares of PCCRC stock. As long as a shareholder, such as Rohrer, is current on his or her dues and assessments, PCCRC delivers water to a point

2

where the shareholder can access the water in order to irrigate his or her land. The water is delivered under the direction of the PCCRC Board of Directors.

¶4 The present dispute arose when PCCRC allegedly failed to remove, at its own expense, a tree that had fallen into a lateral irrigation ditch which delivers water from one of PCCRC's irrigation canals to Rohrer's property. The lateral ditch into which the tree fell connects to a canal known as the "P Canal." According to the affidavit of PCCRC's manager, the P Canal is owned, operated, and maintained by PCCRC. Rohrer accesses water at a turnout point on the P Canal where the lateral ditch intersects the P Canal. The lateral ditch is used by Rohrer and three other shareholders to transport water from PCCRC's irrigation system for the purpose of irrigating their private lands. The lateral ditch was not constructed by PCCRC.

¶5 PCCRC submitted an agreement, dated April 6, 1973, between several PCCRC shareholders acknowledging that the lateral ditch into which the tree fell is a "private ditch" for which PCCRC has no maintenance responsibility. One of the parties to the 1973 agreement is Rohrer's predecessor in interest. Nevertheless, Rohrer claims that PCCRC does have an obligation to service and maintain the lateral ditch. Rohrer did not present any affidavits or evidence in the District Court refuting the 1973 agreement, however.

¶6 The District Court determined that the relationship between PCCRC and its shareholders is a matter of contract. *See Appeal of Two Crow Ranch, Inc.*, 159 Mont. 16, 23, 494 P.2d 915, 919 (1972). Thus, for Rohrer to claim that PCCRC has an obligation to maintain and service the lateral ditch, this obligation must be set forth in the PCCRC

3

Bylaws or some other contract. The court concluded that no such obligation is present in the Bylaws and that Rohrer had failed to present the court with any document wherein the alleged obligation is created. The court refused to rewrite the Bylaws so as to require PCCRC to maintain and service the lateral ditch, noting that the court is not at liberty to rewrite contracts. Moreover, the court noted that if it did rewrite the Bylaws such that PCCRC has ownership and control over all ditches and delivery systems of the project, then PCCRC's operation and maintenance assessments would need to be substantially increased and PCCRC would have to secure access rights over areas that PCCRC does not control. Such a significant change, the court reasoned, should be done through modification of the Bylaws by PCCRC shareholders.

¶7 Rohrer claimed that PCCRC has discriminated against him because PCCRC does not regulate, deliver, and measure irrigation water once the water is turned out from PCCRC canals. In essence, Rohrer's position is that there is one class of stock issued by PCCRC and each shareholder pays the same annual assessment per share for operation and maintenance of the delivery system. His argument is that each shareholder, therefore, must be treated equally in the delivery of water. He maintains that PCCRC's exclusion of lateral ditches from its operation and maintenance responsibilities is discriminatory and in violation of its Bylaws and the Articles of Incorporation. The District Court determined, however, that once the water is turned down the P Canal to Rohrer's lateral ditch, Rohrer assumes responsibility for ensuring the water's delivery to his land. As long as PCCRC delivers the water to the P Canal during the designated times of the year, PCCRC is meeting its obligation under the Bylaws.

4

¶8 Rohrer claimed that his right to due process was violated because he had been subjected to PCCRC's rules when they were not in writing and because he had not been properly notified. The District Court observed that PCCRC is a nonprofit corporation, not a government entity, and that Rohrer, therefore, does not have a due process claim. *See e.g. Ham v. Holy Rosary Hosp.*, 165 Mont. 369, 529 P.2d 361 (1974).

¶9 Rohrer claimed that the provision in the PCCRC Bylaws giving the Board of Directors discretion in the manner of delivering, measuring, and regulating water is inconsistent with the provision in the Articles of Incorporation which provides for water to be distributed "equally and ratably." The District Court determined that these provisions are not inconsistent and that Rohrer had failed to set forth in what manner the two may not be construed together.

¶10 On appeal, Rohrer contends that the District Court erred in its interpretation of the Bylaws and Articles of Incorporation. The construction and interpretation of a contract, however, is a question of law, *Mary J. Baker Revocable Trust v. Cenex Harvest States, Coops., Inc.*, 2007 MT 159, ¶ 19, 338 Mont. 41, 164 P.3d 851, and Rohrer fails to show that the District Court's reading of these documents was legally incorrect.

¶11 Rohrer further contends that he disputes most of the facts recited in the District Court's order and summarized above. But Rohrer has provided no documents or other evidence refuting the material facts established by PCCRC's evidence in support of its motion. Rohrer's assertion that he simply disagrees with the facts reflected in PCCRC's filings is wholly insufficient. The party opposing a properly supported motion for summary judgment bears the burden of establishing, by more than mere denial,

speculation, or conclusory statements, that a genuine issue of material fact exists. *Prindel v. Ravalli County*, 2006 MT 62, ¶ 19, 331 Mont. 338, 133 P.3d 165. The opposing party's facts must be material and of a substantial nature, not fanciful, frivolous, or conjectural. *Rosenthal v. Madison County*, 2007 MT 277, ¶ 22, 339 Mont. 419, 170 P.3d 493. Bare assertions of the general truth of a particular matter and references to matters outside the individual's personal knowledge do not suffice to withstand a motion for summary judgment. *Small v. McRae*, 200 Mont. 497, 522, 651 P.2d 982, 995 (1982); *Thornton v. Songstad*, 263 Mont. 390, 398, 868 P.2d 633, 638 (1994).

¶12　Rohrer's briefing in the District Court, as well as his briefing on appeal, refers to a second lateral ditch not addressed in the District Court's order. In connection with this ditch, Rohrer submitted the affidavit of his son, Robert Rohrer, in which Robert describes an altercation with one of PCCRC's ditch riders.[1] According to Robert, the ditch rider commenced some digging in the second lateral ditch using a backhoe. Robert told the ditch rider that he did not want the ditch dug out, but the ditch rider allegedly told Robert that Robert had no say in the matter as the ditch was a PCCRC ditch. Rohrer cites this incident as "evidence that PCCRC has claimed ownership of a lateral ditch." Nothing in Robert's story or in Rohrer's other evidence, however, indicates that the ditch rider had authority to assert a claim of ownership over the ditch in PCCRC's name. There also is no evidence regarding the basis for the ditch rider's statement—i.e., whether the ditch rider had actual knowledge regarding who held title to that particular ditch, or whether

---

[1] Robert does not specify the date when this occurred, other than to note that it was "[s]ometime after the time I purchased the property." Robert entered a contract for deed in March 1988.

6

his statement was simply the product of assumption, hearsay, or mistake. PCCRC has proffered documentary evidence that the lateral ditches are private. The affidavit of PCCRC's manager reflects that PCCRC personnel will maintain, clean, and repair ditches which PCCRC does not own, but that such actions will be undertaken only so long as the financial cost is borne by the requesting shareholder or shareholders. In the face of this evidence, the ditch rider's alleged remark about the second lateral ditch being "a PCCRC ditch" is insufficient to create a genuine issue of material fact as to PCCRC's duties and obligations under the Bylaws and the Articles of Incorporation.

¶13 PCCRC argues that the District Court correctly applied the declaratory judgment statutes (Title 27, chapter 8, MCA) in dismissing Rohrer's claims and that the District Court's ruling on summary judgment is correct. PCCRC contends that Rohrer failed to show that state law, the Bylaws, or the Articles of Incorporation require PCCRC to undertake the obligation of maintaining the private ditches at issue. Finally, PCCRC argues that the District Court's analysis regarding the first lateral ditch (into which the tree fell) applies equally to the second lateral ditch, which PCCRC does not own and for which PCCRC, therefore, has no maintenance responsibility.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. We review orders of summary judgment de novo. *Rosenthal*, ¶ 22. Doing so here, we conclude the District Court correctly determined that there is no genuine issue as to any material fact and that PCCRC is entitled to judgment as a matter of law under M. R. Civ. P. 56(c).

¶15     Affirmed.


                                        /S/ JAMES C. NELSON



We Concur:

/S/ MIKE McGRATH
/S/ JIM RICE
/S/ PATRICIA COTTER
/S/ BETH BAKER